**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA**

| | | |
|---|---|---|
| PATRICK SALA, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| | § | Civil Action No. _____ |
| v. | § § | |
| | § | JURY TRIAL DEMANDED |
| PERSONNEL SERVICES LLC | § § | |
| | § | COLLECTIVE AND CLASS ACTION |
| Defendant. | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Patrick Sala ("Sala" or "Plaintiff"), on behalf of himself and all others similarly situated, files this Complaint against PERSONNEL SERVICES LLC  ("Personnel Services" or "Defendant") showing in support as follows:

## I.   NATURE OF ACTION

1.    This is a civil action brought under the Fair Labor Standards Act, 29 U.S.C. §§ 201-219, and the Portal-to-Portal Act, 29 U.S.C. §§ 251-262 (collectively, the "FLSA") seeking damages for Defendant's failure to pay Plaintiff time and one-half the regular rate of pay for all hours worked over 40 during each seven day workweek while working for Defendant paid on a day rate basis.

2.    Pursuant to 29 U.S.C. § 216(b), Plaintiff files this lawsuit individually and as an FLSA collective action on behalf of all similarly situated current and former employees who worked for Defendant on a day rate basis who, like Plaintiff, were not paid time and one-half their respective rates of pay for all hours worked over forty in each seven day workweek for the time period of three years preceding the date this lawsuit was filed and forward (the "Collective Action Members").

1

3.     Plaintiff and the Collective Action Members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and pre- and post-judgment interest.

## II.     THE PARTIES

### A.     Plaintiff

4.     Plaintiff is an individual residing in Williams County, North Dakota. Plaintiff has standing to file this lawsuit.

5.     Plaintiff worked for Defendant from on or about November 12, 2020 through on or about February 26, 2021. Plaintiff was classified as an employee of Defendant and paid on a day rate basis.

6.     Plaintiff earned a day rate of approximately $375.00 per day without any overtime pay in connection with his work for Defendant.

7.     Plaintiff's written consent to participate in this lawsuit is filed along with this Original Complaint as Exhibit 1.

### B.     Collective Action Members

8.      The putative Collective Action Members are all current and/or former individuals similarly situated to Plaintiff who: (a) work/worked for Defendant in connection with their oilfield services in North Dakota; (b) are/were issued IRS Tax Form W-2s; (c) are/were paid on a day rate basis; (d) work/worked more than 40 hours in any workweek; and (e) are/were not paid time and one-half their regular rate of pay for all hours worked over 40 in each such seven-day workweek by Defendant.

9.      Plaintiff and the putative Collective Action Members are all similarly situated within the meaning of Section 216(b) of the FLSA.

10.     The relevant time period for the claims of the putative Collective Action Members is three years preceding the date this lawsuit was filed and forward.

**C.      Defendant Personnel Services LLC**

11.     Defendant Personnel Services LLC is a foreign limited liability company organized under the laws of the State of Utah.

12.     During all times relevant to this lawsuit, Defendant Personnel Services has done, and continues to do, business in the State of North Dakota.

13.     Defendant's corporate office is located at 1408 20th Avenue SW, Suite 1, Minot, North Dakota 58701.

14.     At all times relevant to this lawsuit, Defendant is and has been an "enterprise engaged in commerce" as defined by the FLSA.

15.     At all times relevant to this lawsuit, Defendant employed and continues to employ two or more employees.

16.     Defendant is/was an employer of Plaintiff and the putative Collective Action Members.

17.     At all times relevant to this lawsuit, Defendant Personnel Services employed two or more employees who engaged in commerce or in the production of goods for commerce and/or who regularly handled, sold or otherwise worked on goods and/or materials that were moved in and/or produced for commerce. Examples of such goods and/or materials include heavy equipment, hydrovac trucks, hazardous waste, laptops, and other supplies/materials used in connection with oilfield wastewater disposal.

18.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

19.     Under the North Dakota Century Code § 10-01.1-13, Defendant may be served with summons through its registered agent, the North Dakota Secretary of State, located at 600 East Boulevard Avenue, Department 108, Bismarck, North Dakota 58505-0500.

### III.     JURISDICTION AND VENUE

20.     This Court has subject matter jurisdiction over this case based on federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff's claims are based on federal law, namely the FLSA. *See* 29 U.S.C. § 216(b).

21.     The United States District Court of North Dakota has personal jurisdiction over Defendant because Defendant does business in North Dakota and in this District, and because many of the acts complained of and giving rise to the claims alleged occurred in North Dakota and in this District.

22.     Venue is proper in this District and/or Division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to all claims occurred in this District, and in this Division.

### IV.     FACTUAL BACKGROUND

23.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

24.     Defendant is full service staffing company that recruits, screens, and employs individuals on behalf of its oil and gas clients.[1]

25.     Plaintiff was hired as a Lead Operator by Defendant on or about November 12, 2020. Defendant handled Plaintiff's new hire paperwork and employee benefit elections, among other human resource related functions. Defendant also issued Plaintiff's weekly payroll.

---

[1] https://psucp.com/what-we-do/

26.     Plaintiff was placed with Defendant's "customer," Horizon Oilfield Services, LLC, in Killdeer, North Dakota.  Plaintiff's job was to assist with the cleaning and disposal of oilfield wastewater at the site. As part of his duties, Plaintiff unloaded hydrovac trucks which carried contaminated drilling fluids and sand that was subsequently mixed and sent to landfills.

27.     At all times relevant, Plaintiff was a non-exempt employee of Defendant Personnel Services pursuant to the FLSA. Plaintiff was at all times issued an IRS Tax Form W-2 from Personnel Services for his work.

28.     Plaintiff was paid $375.00 per day by Defendant (*i.e.*, paid a day rate).  Plaintiff was not paid on a salary basis. Plaintiff regularly worked 12-hour shifts every day for two weeks, and then Plaintiff had two weeks off.  Plaintiff was occasionally required to work up to five (5) hours more than his 12-hour shift in order to unload hydrovac trucks that delivered after midnight.  Plaintiff typically worked 84 hours per week. However, Defendant failed to pay Plaintiff overtime premium pay when he worked more than forty hours in a given workweek. Plaintiff only received his $375.00 day rate without consideration of whether his weekly hours of work exceeded forty hours.

29.     During the time period relevant to Plaintiff's FLSA and collective action claim, Plaintiff has worked with numerous other employees of Defendant who similarly routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, and did/do not receive all overtime compensation owed by Defendant.

## V.     FLSA CLAIMS FOR OVERTIME PAY

**Claim for Relief – Violation of the FLSA: Failure to Pay Overtime Premium Compensation with Day Rate Pay.**

30.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

31.     All conditions precedent to this suit, if any, have been fulfilled.

32.     At all relevant times, Defendant was/is an eligible and covered employer under the FLSA. *See* 29 U.S.C. § 203(d).

33.     At all times relevant to this lawsuit, Defendant has been and is (an) enterprise engaged in commerce under the FLSA. *See* 29 U.S.C. § 203(s)(1)(A), § 203(r).

34.     At all material times, Plaintiff was Defendant's employee pursuant to the FLSA. 29 U.S.C. § 203(e). Plaintiff was not exempt from overtime under the FLSA.

35.     Plaintiff was at times paid on a day rate basis, but was never paid on a salary or fee basis as those terms are defined by the FLSA.

36.     At all times relevant to this lawsuit, Plaintiff worked in excess of 40 hours per seven-day workweek for Defendant. Defendant was required to pay Plaintiff time and one-half his respective regular rates of pay for all hours worked over 40 in each relevant seven-day workweek. 29 U.S.C. § 207(a)(1).

37.     Defendant failed to pay Plaintiff one and one-half times his regular rate of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit in violation of the FLSA.

38.     Defendant failed to maintain and preserve payroll records which accurately show the total hours worked by Plaintiff on a daily and weekly basis in violation of the recordkeeping requirements of the FLSA. *See* 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a) & 516.5.

39.     Defendant's violation of the FLSA, as described above, was willful within the meaning of 29 U.S.C. § 255(a). At all material times, Defendant was aware that Plaintiff was not

paid overtime premium pay at the rate of time and one-half his respective regular rates of pay for all hours worked over forty in a seven-day workweek.

40.     Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for his FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

41.     Plaintiff seeks all damages available for Defendant's failure to timely pay all overtime wages owed, including back wages, liquidated damages, reasonable attorneys' fees and costs, and post-judgment interest.

## VI.     COLLECTIVE ACTION CLAIMS (FLSA)

42.     Plaintiff incorporates the preceding paragraphs by reference as if set forth fully in this section.

43.     Defendant is the employer of the putative Collective Action Members.

44.     Plaintiff seeks to bring claims under the FLSA, pursuant to 29 U.S.C. § 216(b), individually and on behalf of a collective preliminarily defined as:

> **All current and former employees paid on a day rate basis, who worked more than 40 hours in any workweek, but were not paid time and one-half their regular rates of pay for all hours worked over 40 in each such seven-day workweek by Defendant, within the FLSA's three year statutory period.**

45.     Plaintiff has personal knowledge that other putative Collective Action Members were paid pursuant to the same policy, namely, paid a day rate for all hours of work without receiving overtime premium pay for all hours worked over forty in each seven-day workweek.

46.     The putative Collective Action Members are similarly situated to Plaintiff and to one another, within the meaning of Section 216(b) of the FLSA.

47.     The putative Collective Action Members are not exempt from receiving overtime premium pay under the FLSA. Defendant's failure to pay overtime wages results from generally

applicable policies or practices, and does not depend on the personal circumstances of the putative Collective Action Members.

48.     Plaintiff specifically pleads recovery for the time period of three years preceding the date this lawsuit was filed and forward for the putative Collective Action Members' FLSA claim as the result of Defendant's willful conduct. *See* 29 U.S.C. § 255(a).

49.     The specific job titles or precise job responsibilities of each putative collective action member do not prevent collective treatment.

50.     Although the exact amount of damages may vary among the putative Collective Action Members, their respective damages are easily calculable using a simple formula uniformly applicable to all of them.

51.     Plaintiff reserves the right to establish sub-classes and/or modify class notice language as appropriate in any motion to certify a collective action or other proceeding.

52.     Plaintiff further reserves the right to amend the definition of the putative class, or subclasses therein, if discovery and further investigation reveal that the putative class should be expanded or otherwise modified.

## VII.     JURY DEMAND

53.     Plaintiff demands a jury trial on behalf of himself and the putative Collective Action Members on all issues.

## VIII.     DAMAGES AND PRAYER

54.     Plaintiff asks that the Court issue summons for Defendant to appear and answer, and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendant Personnel Services for the following or order(s) from the Court for the following:

a.     An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b.        All damages allowed by the FLSA, including back wages;

c.        Liquidated damages in an amount equal to FLSA-mandated back wages;

d.        Legal fees, costs and expenses, as permitted under the FLSA;

e.        Pre- and Post-judgment interest, as permitted under the FLSA;

f.        All other relief to which Plaintiff and the putative Collective Action Members may be justly entitled.

Dated: May 14, 2021

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By:     */s/ Ricardo J. Prieto*
        Ricardo J. Prieto
        Texas Bar No. 24062947
        rprieto@eeoc.net
        Melinda Arbuckle
        Texas Bar No. 24080773
        marbuckle@eeoc.net
        Shellist Lazarz Slobin LLP
        11 Greenway Plaza, Suite 1515
        Houston, TX 77046
        (713) 621-2277 – Telephone
        (713) 621-0993 – Facsimile

        ATTORNEYS FOR PLAINTIFF AND PUTATIVE
        COLLECTIVE ACTION MEMBERS